UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rafer Darrel Jones,     #1030242, | ) **C/A No. 3:07-3962-PMD-JRM** |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Lexington County Detention Center; and James R. Metts, Sheriff of Lexington County, | ) |
| Defendants. | ) |

## *Background of this Case*

The plaintiff is a pre-trial detainee at the Lexington County Detention Center. The plaintiff has brought suit against the Lexington County Detention Center and Sheriff James R. Metts pursuant to 42 U.S.C. § 1983. This civil rights action arises out of the absence of a law library at the Lexington County Detention Center. In his prayer for relief, the plaintiff seeks a declaratory judgment, access to a law library, and punitive damages.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C.

1

§ 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

The Lexington County Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Lexington County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf. Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

Sheriff James R. Metts, the Sheriff of Lexington County, is immune from suit under the Eleventh Amendment. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* Section 23-13-550, South Carolina Code of Laws; and 1975 S.C.Att'y.Gen'l.Op. No. 47 (January 22, 1975); and Section 23-13-10 of the South Carolina Code of Laws, which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also Allen v. Fidelity and Deposit Company*, 515 F. Supp. 1185, 1189-91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer v. Brown*, 88 F.3d at 1332 ("Judgments

against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

The plaintiff's claims relating to the absence of a law library are foreclosed by circuit case law. The United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail even to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The holding in *Magee v. Waters* is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" *Magee v. Waters*, 810 F.2d at 452. *See also Cruz v. Hauck*, 515 F.2d 322, 331-333 (5th Cir. 1975), *cert. denied*, *Andrade v. Hauck*, 424 U.S. 917 (1976). In *Cruz v. Hauck*, the Court noted: "access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of *the State*." 515 F.2d at 331 (emphasis added). Since the plaintiff is, presumably, represented by a Public Defender or a court-appointed attorney in his pending criminal case, the plaintiff is not constitutionally entitled to access to a law library as a pre-trial detainee.

Moreover, the plaintiff has not alleged a specific injury from his lack of access to a law library at the Lexington County Detention Center. *See Magee v. Waters*, 810 F.2d at 452 (prisoner must show specific injury or actual harm from absence of law library when that prisoner was "housed only temporarily in a local jail"); and *Cruz v. Hauck*, 515 F.2d at 331-333 & nn. 16-18. In other words, a plaintiff must show an "actual injury" resulting from the loss or absence of his or her legal materials. *See Peterkin v. Jeffes*, 855 F.2d 1021, 1040-1041 & nn. 24-25 (3rd Cir. 1988); and

*Sands v. Lewis*, 886 F.2d 1166, 1170-71 (9th Cir. 1989) (collecting cases).³ *Cf. Lewis v. Casey*, 518 U.S. 343 (1996); and *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

December 14, 2007                                s/Joseph R. McCrorey
Columbia, South Carolina                   United States Magistrate Judge

---

³*See also Harrell v. Keohane*, 621 F.2d 1059 (10th Cir. 1980), and *Twyman v. Crisp*, 584 F.2d 352 (10th Cir. 1978).

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).