**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| RAFER DARREL JONES, # 1030242 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEXINGTON COUNTY DETENTION )<br>CENTER, and JAMES R. METTS, )<br>Sheriff of Lexington County )<br>)<br>Defendants. )<br>_____) | C.A. No.: 3:07-3962-PMD-JRM<br><br>**ORDER** |

Plaintiff Rafer Darrel Jones ("Plaintiff"), a prisoner awaiting trial at the Lexington County Detention Center, filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The record contains the report and recommendation ("the R&R") of United States Magistrate Judge Joseph R. McCrorey, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). This matter is before the court upon the Magistrate Judge's recommendation that Plaintiff's claims be dismissed. A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). On December 21, 2007, Defendant filed his timely objections to the R&R, and also sought leave to amend his initial complaint.

**BACKGROUND**

Plaintiff is a pre-trial detainee at Lexington County Detention Center. On December 10, 2007, Plaintiff filed a Complaint against the Lexington County Detention Center and James R. Metts, the sheriff of Lexington County. Plaintiff alleges that his rights under 42 U.S.C. § 1983 had been violated through his inability to have access to legal research materials. Plaintiff filed this action simultaneously with other actions alleging violations of his § 1983 rights based on allegations

of inadequate medical and dental care. Plaintiff is seeking a declaratory judgment, access to legal research materials, and punitive damages.

## STANDARD OF REVIEW

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir.1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.1990).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the R&R, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir.1983). Plaintiff filed Objections to the R&R on December 21, 2007. After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

## **ANALYSIS**

Plaintiff asserts that Defendants unjustly deprived him of access to the legal materials, which he needed to defend himself in his criminal action and pursue his other civil claims under § 1983. Plaintiff claims that this constitutes a violation of his constitutional rights,[1] and gives rise to a cause of action under 42 U.S.C. § 1983. Section 1983 provides an individual with a cause of action for damages against a person who, under color of state law, causes that individual to be deprived of his constitutional rights.

In the R&R, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed, as it had not stated a claim for legal relief. The R&R recommended that Plaintiff's claim against Lexington County Detention Center be dismissed, because as a physical facility and an institution, it is not subject to liability under § 1983. (R&R at 3.) The R&R further recommended that Plaintiff's claim against Defendant James R. Metts be dismissed because he has immunity from § 1983 claims under the Eleventh Amendment. *Id*. at 3-4. Finally, the R&R recommended that Plaintiff's claim be dismissed because county jails, as short-term holding facilities, are not required

---

[1] While there is no doubt that inmates have a constitutional right to litigate claims regarding their convictions and the conditions of their confinement, the source of this right has never been authoritatively identified. The Supreme Court itself has expressed confusion regarding the source of this right:

> The weakness in the Court's constitutional analysis in *Bounds* is punctuated by our inability, in the 20 years since, to agree upon the constitutional source of the supposed right. . . . In no instance, however, have we engaged in rigorous constitutional analysis of the basis for the asserted right. Thus, even as we endeavor to address the question presented in this case . . . we do so without knowing which Amendment to the Constitution governs our inquiry.

*Lewis v. Casey*, 518 U.S. 343, 367 (1996). For this court's purposes, it is sufficient to merely note that the Plaintiff does have a constitutional right to litigate claims regarding the conditions of his confinement.

to have legal libraries, and also that Plaintiff has not alleged any specific harm suffered by him as a result of the alleged lack of access to legal materials. *Id.* at 4-5.

Plaintiff has filed Objections to the R&R, stating that the specific injury *is* the lack of access to the law library, and apparently challenging the fairness and correctness of several of the cases that have held that local jails need not have legal library facilities available to those held awaiting trial. (Objections at 2-3.)

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries . . ." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The Fourth Circuit has unambiguously held that:

> In discussing a situation quite like the one before us, the Fifth Circuit, in *Cruz v. Hauck*, 515 F.2d 322 (5th Cir.1975), took account that county jails, as is the city jail here, are generally short-term holding facilities confining individuals serving misdemeanor sentences or awaiting trial or transfer to prisons, and that, in the case of individuals not awaiting trial, the confinement may be so brief as to make it reasonable for them to await transfer to a permanent facility before petitioning the courts. Thus, the court reasoned " . . . in determining whether all inmates have adequate access to the courts, the district court need not consider those inmates whose confinement is of a very temporary nature or for purposes of transfer to other institutions. The district judge should have little difficulty, realizing the fundamental nature of the right of access, in determining those cases where the brevity of confinement does not permit sufficient time for prisoners to petition the courts."

*Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (quoting *Cruz v. Hauck*, 515 F.2d 322, 333) (5th Cir. 1975).

Plaintiff is indisputably being temporarily held in a county detention facility awaiting trial on a criminal charge. While the record does not indicate the exact date of Plaintiff's incarceration, he does not allege that he has been incarcerated for too long, and there is no indication that he is

pursuing any sort of claim regarding his rights to a speedy trial.[2]  Accordingly, the law is quite clear that those being temporarily detained in county facilities awaiting criminal trials do not have a constitutional right to a law library, and so Plaintiff's claim therefore fails as a matter of law.

Furthermore, Plaintiff has failed to allege how he has been harmed in any way by such a lack of access.  An inmate does not have standing to allege a deprivation of his or her constitutional right to litigate unless he or she has suffered an "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.  That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary."  *Id*. at 351.  Actual injury cannot be established merely by conclusory statements that the inmate would have fared better in litigation had he or she had more or better access to legal research materials.  *See, e.g.*, *Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir. 1993) ("The only evidence Hause offers of injury is a conclusory statement that he was unable to plead his claims properly or properly prepare his (unsuccessful) motion for appointment of counsel. We have examined Hause's motion and pleadings, together with the record as a whole, and are satisfied that the alleged lack of legal assistance did not affect the outcome either of his motion or of his various claims."); *Magee*, 810 F.2d at 452 (4th Cir. 1987) ("He advises us of no specific problem he wished to research and of no actual injury or specific harm which has resulted to him by his limited access to the jail library or its limited contents.").  As one example of a sufficient "actual injury," an inmate

---

[2] Furthermore, to the extent Plaintiff is saying his lack of access to legal materials is related to the criminal matter for which he has been incarcerated, this claim fails as a matter of law, as the state is only required to provide criminal defendants legal counsel, not legal research materials.  *See Cruz v. Hauck*, 515 F.2d 322, 331 (5th Cir. 1975) ("[A]ccess to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of the State.").

could show "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Lewis*, 518 U.S. at 351.

Plaintiff states that, "[t]he injury itself is from the lack of access to the law material or law library to determine a standard of constitutionality of the conditions his pretrial detainment presents." (Objections at 3.) What Plaintiff is in essence arguing is that the way that not having access to a law library has injured him is because he does not have access to a law library. Such an argument is inherently circular and fails as a matter of law. *See Strickler v. Waters*, 989 F.2d 1375, 1385 (4th Cir. 1993) ("'A demonstration of inability to present a legal claim is an essential ingredient of a suit such as this because the prisoner must be able to show that the rules interfered with his entitlement (access to the courts) rather than with a mere instrument for vindicating an entitlement (access to books).'") (quoting *DeMallory v. Cullen*, 855 F.2d 442, 452 (7th Cir.1988) (Easterbrook, dissenting)).

To the extent that Plaintiff is possibly alleging that the injury renders him unable to file other § 1983 claims, this, too, fails as a matter of law. As an initial matter, the court notes that it has not stopped him from filing three separate § 1983 claims (including this one) during his brief period of incarceration at the Lexington County Detention Center, so Plaintiff cannot reasonably claim that lack of access to legal research materials is somehow preventing him from initiating claims regarding the conditions of his confinement. Furthermore, the rule that county jails do not have to provide those inmates being held temporarily with access to legal materials does not ignore the possibility that those inmates may have certain conditions of confinement that violate their constitutional rights. Instead, it rests upon a recognition that it would require a vast outlay of time, money, and energy to require each county jail to acquire and staff a law library. Such a cost

outweighs these inmates' need to immediately begin litigation over the conditions of their confinement, especially in light of the fact that these inmates will only be incarcerated at the facility in question for a brief time, and will shortly be in a situation where they do have access to legal reference materials.

The only other objection to the R&R discernible from Plaintiff's Objections is a challenge to the holdings of *Magee* and *Cruz*. (Objections at 2.) However, this court is of course bound by the holdings of a higher appellate court and may not ignore or overturn those decisions. For this reason, this Objection fails as a matter of law.

Accordingly, Plaintiff's claim that his § 1983 rights were violated fails as a matter of law, as he is being temporarily incarcerated in a county facility and has failed to allege any sort of material fact related to an actual injury suffered as a result of his inability to access legal materials.

Plaintiff does not object to the R&R's recommendation that this court dismiss the action against Lexington County Detention Center as being an institution which is not subject to liability under § 1983. Accordingly, Plaintiff's claim against Lexington County Detention Center is dismissed. Similarly, Plaintiff does not object to the R&R's recommendation that this court dismiss the action against Metts as being immune from § 1983 liability under the Eleventh Amendment. Accordingly, Plaintiff's claim against James R. Metts is dismissed.

Plaintiff, does, however, allege that he was unsure of the proper party to file suit against, and therefore asks for the court's leave to amend his complaint to assert a § 1983 claim against "Major Harris" who Plaintiff alleges is in charge of the Lexington County Detention Center. (Objections at 1.)

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend a pleading

"be freely given when justice so requires." While this court is given discretion to deny the motion to amend, "that discretion is limited by the interpretation given Rule 15(a) in *Foman* [*v. Davis,* 371 U.S. 178 (1962)], 'and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Island Creek Coal Co. v. Lake Shore, Inc.,* 832 F.2d 274, 279 (4th Cir. 1987) (citation omitted). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)) (emphasis in original). A delay in bringing a proposed amendment is insufficient reason to deny leave to amend. *Id.*

A court may deny a party's motion to amend if doing so would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379 (4th Cir.2005) ("Leave to amend need not be given when amendment would be futile."). For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Oroweat Foods Co.,* 785 F.2d at 510-511; *see also Rambus, Inc. v. Infineon Tech., AG,* 304 F. supp. 2d 812, 819 (E.D.Va. 2004) ("Courts generally favor the 'resolution of cases on their merits' . . . [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, *e.g*., under motions to dismiss or for summary judgment, . . . , or for resolution at trial.") (quoting *Davis v. Piper Aircraft Corp*., 615 F.2d 606, 613 (4th Cir. 1980))*;see also Robinson v. GEO Licensing Co., L.L.C.*, 173 F. supp. 2d 419, 423 (D. Md. 2001).

While this court allows plaintiffs, particularly *pro se* plaintiffs, to freely amend their pleadings so that substantive justice is not sacrificed on the altar of hollow procedure, it would be pointless and wasteful to do so where a plaintiff has not alleged any facts which would give rise to

a claim under the law. Such is the case here. As discussed above, Plaintiff's claim that he has been denied access to legal research materials fails for several independent and distinct reasons. Consequently, who Plaintiff names as a defendant in this action is completely irrelevant, as any such claim would be dismissed.

Accordingly, allowing Plaintiff to amend his complaint to assert a § 1983 claim against Major Harris would be futile, and Plaintiff's Motion to Amend is denied on these grounds.

## CONCLUSION

For the aforementioned reasons, the court adopts in full the recommendations of the Magistrate Judge and **ORDERS** that Plaintiff's Complaint alleging a violation of his constitutional rights in violation of 42 U.S.C. § 1983 is **DISMISSED**, and Plaintiff's Motion to Amend Complaint is **DENIED**..

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**January 24, 2008.**